UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

MELVIN DEL ROSARIO,

                  Plaintiff,

     v.

BARBARA SAADE, DAVID AGLER,
ACEL THACKER, TOM KESSLER,
TIM WENGLER, IDAHO
CORRECTIONAL CENTER,
CORRECTIONS CORPORATION OF
AMERICA, and IDAHO
DEPARTMENT OF CORRECTION,

                  Defendants.

Case No. 1:14-cv-00155-REB

**MEMORANDUM DECISION AND
ORDER**

       Plaintiff Melvin Del Rosario, a prisoner in the custody of the Idaho Department of

Correction, is proceeding pro se and in forma pauperis in this civil rights action.

Currently pending before the Court are (1) Plaintiff's Motion to Amend Defendants (Dkt.

20), and (2) Defendants Agler and Thacker's Motion to Dismiss (Dkt. 21). Other motions

are also pending. All parties have consented to the jurisdiction of a United States

**MEMORANDUM DECISION AND ORDER - 1**

Magistrate Judge to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (*See* Dkt. 30.)

Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record and that oral argument is unnecessary. *See* D. Idaho Loc. Civ. R. 7.1. Accordingly, the Court enters the following Order granting in part and denying in part Defendants' Motion to Dismiss, and denying Plaintiff's Motion to Amend Defendants.

## BACKGROUND

This is Plaintiff's second civil rights action filed in this Court alleging that he received inadequate prison medical treatment for a painful back condition in violation of the Eighth Amendment. In *Del Rosario v. Agler*, Case No. 1:12-cv-00336-EJL, *see* Dkt. 46 (D. Idaho Feb. 26, 2014), Plaintiff asserted similar claims relating to medical decisions made by prison medical providers between July 2010 and July 2012. (*Id.* at 7.) The defendant in that case—Dr. David Agler, who is also a Defendant in the instant case—moved for dismissal on the grounds that Plaintiff did not exhaust available administrative remedies prior to filing suit. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.").

United States District Judge Edward J. Lodge determined that only two of Plaintiff's grievances were fully exhausted. One of the exhausted grievances challenged the cost of a certain medical treatment, rather than the adequacy of the treatment itself,

**MEMORANDUM DECISION AND ORDER - 2**

which did not state a colorable claim for relief. (*Id*. at 8.) And because Plaintiff submitted the other exhausted grievance—in July 2012—after he filed his civil rights action, that grievance could not serve to exhaust Plaintiff's claims in that action. (*Id.* at 9, citing *Ahktar v. Mesa*, 698 F.3d 1202, 1210 (9th Cir. 2012).)

However, because the Ninth Circuit had recently determined that a prisoner litigant can amend a complaint to add exhausted claims that arose *before* the filing of the original complaint, even if those claims were exhausted *after* the filing of that complaint, the Court considered whether to allow Plaintiff to amend the complaint to add claims related to the July 2012 grievance. (*Id*. at 10, citing *Cano v. Taylor*, 739 F.3d 1214, 1220-21 (9th Cir. 2014).) The Court concluded that Plaintiff's proposed amendment did not comply with Rule 8(a) and denied the motion to amend. (*Id*. at 12.) The Court therefore dismissed the case without prejudice and noted that Plaintiff could pursue his claims relating to the exhausted July 2012 grievance in a separate action. (*Id*. at 13.)

Plaintiff then filed the instant action, mostly asserting claims that arose from July 2012 to the time of filing, but also asserting some claims that arose in October and November 2010. (*See* Compl., Dkt. 3, at 10.) The Court reviewed Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1915 and 1915A and determined that the Complaint stated colorable Eighth Amendment medical treatment claims against Defendants Dr. Agler and Acel Thacker. (Initial Review Order, Dkt. 6.)

Defendants Agler and Thacker responded to the Complaint by filing a Motion to Dismiss. That Motion, like Plaintiff's Motion to Amend, is now ripe for adjudication.

**MEMORANDUM DECISION AND ORDER - 3**

## DISCUSSION

### 1.    Plaintiff's Motion to Amend Defendants

Plaintiff seeks to amend his Complaint to add several Defendants. However, Plaintiff has not submitted a copy of the proposed amended complaint, in violation of Local Civil Rule 15.1, which provides that "[a]ny amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended." Therefore, Plaintiff's Motion to Amend will be denied.

### 2.    Defendants' Motion to Dismiss

Defendants argue that Plaintiff's Complaint must be dismissed because (1) Plaintiff's claims are barred by the statute of limitations, and (2) the Complaint fails to state a claim upon which relief may be granted. The Court will address these arguments in turn.

#### A.    *The Statute of Limitations Bars Some, but Not All, of Plaintiff's Claims*

##### i.    Standard of Law

Federal civil rights actions arising in Idaho are governed by a two-year statute of limitations. Idaho Code § 5-219; *see also Wilson v. Garcia*, 471 U.S. 261, 280 (1985) (holding that state statute of limitation for personal injury actions governs § 1983 actions), *abrogated on other grounds by Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004). The statute of limitations is tolled while the inmate exhausts administrative grievance procedures pursuant to the Prison Litigation Reform Act (PLRA). *Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005).

**MEMORANDUM DECISION AND ORDER - 4**

Although the state statute of limitations governs the time period for filing a § 1983 claim, federal law governs when a claim accrues. *Elliott v. City of Union City*, 25 F.3d 800, 801-02 (9th Cir. 1994). A claim accrues when the plaintiff knows, or should know, of the injury that is the basis of the cause of action. *See Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996). Under this "discovery rule," the statute begins to run once a plaintiff knows of his injury and its cause. *Gibson v. United States*, 781 F.2d 1334, 1344 (9th Cir. 1986).

The extent of a plaintiff's injury need not be known to trigger the start of the statute of limitations period. Rather, a plaintiff need know only that he was damaged and the cause of the damage. *See Abramson v. University of Hawaii*, 594 F.2d at 209 ("The proper focus is upon the time of the discriminatory acts, not upon the time at which the consequences of the acts became most painful.")

    ii.    <u>Plaintiff's Claims Arising from Medical Decisions Made prior to February 18, 2012, Are Time-Barred</u>

The Complaint identifies several different dates, and ranges of dates, when Defendants allegedly failed to provide him with adequate medical treatment:

- October 21, 2010 through November 4, 2010 (Compl. at 10);

- July 2012 to the present (*id*. at 6, 10, 14, 18, 22, 30);

- August 3, 2012 (*id*. at 26);

- August 12, 2012 (*id*. at 24); and

- October 24, 2013 to the present (*id*. at 22, 30).

**MEMORANDUM DECISION AND ORDER - 5**

Plaintiff filed his Complaint in this case, at the earliest, on March 20, 2014.[1] Allowing for a maximum of 30 days for Plaintiff to exhaust his medical treatment claims through the prison grievance procedure, the Court determines—for purposes of this decision—that any medical care based on a treatment decision made, at the earliest, prior to February 18, 2012 (2 years and 30 days before March 20, 2014), was undertaken outside the statute of limitations period. Therefore, Plaintiff's claims regarding treatment decisions made from October 2010 to November 2010 are untimely, unless Plaintiff can establish that (1) those claims are based on actions constituting a continuing violation, or (2) he is entitled to equitable estoppel with respect to the medical treatment that is the basis of those claims.

a)      *The Continuing Violation Doctrine Does Not Apply*

Plaintiff claims that the continuing violation doctrine should apply to his case to render all of his claims timely. That doctrine—which can render timely certain claims arising outside the limitations period—is applicable only in narrow circumstances.

Because "the statute of limitations runs separately from each discrete act," *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1061 (9th Cir. 2002), any claim based on a discrete act is untimely unless that discrete act—or discrete failure to act—took place within the limitations period, *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002). One of the only viable pathways to maintaining a cause of action for past acts

---

[1]      Prisoners are usually entitled to the benefit of the "mailbox rule," which provides that a legal document is deemed filed on the date a petitioner delivers it to the prison authorities for filing by mail, rather than the date it is actually filed with the clerk of court. *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988).

**MEMORANDUM DECISION AND ORDER - 6**

occurring outside the statute of limitations period is where a plaintiff's claims are based, *not* on discrete acts, but rather on "a series of separate acts that collectively constitute one unlawful practice," such a claim of a hostile work environment; that is, a true "continuing violation." *RK Ventures, Inc.*, 307 F.3d at 1061 n.13 (9th Cir. 2002) (internal quotation marks and alteration omitted).

Here, Plaintiff challenges a number of medical treatment decisions, each of which constitutes a discrete act—a choice of how to address, or not to address, Plaintiff's pain or other serious medical needs. Plaintiff's course of medical treatment, based on several separate decisions by different medical providers, cannot reasonably be considered a collective unlawful practice to which the continuing violation doctrine might apply.

b)      *Plaintiff is Not Entitled to Equitable Estoppel*

Aside from the continuing violation theory, if a plaintiff cannot show that his claim accrued during the statute of limitations period, he still may file a lawsuit beyond the limitations deadline if he can show that the statute should have been tolled (or stopped) for a certain period of time during the deadline period within which he should have filed the lawsuit. State tolling law applies unless important federal policy will be undermined. *See Johnson v. Railway Express Agency, Inc*., 421 U.S. 454, 464-65 (1975); *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008).

The Idaho Supreme Court has determined that "[s]tatutes of limitation in Idaho are not tolled by judicial construction but rather by the expressed language of the statute." *Wilhelm v. Frampton*, 158 P.3d 310, 312 (Idaho 2007). Thus, equitable tolling is not available in Idaho. Because this Court does not find that application of Idaho's rule

**MEMORANDUM DECISION AND ORDER - 7**

against equitable tolling would undermine important federal policy, Plaintiff is not entitled to tolling of the statute as to his October 2010 and November 2010 claims.[2]

The doctrine of equitable estoppel, however, *is* available in Idaho. While it "does not 'extend' a statute of limitation," equitable estoppel works in a similar manner to prevent a party who has falsely represented or concealed a material fact with actual or constructive knowledge of the truth "from pleading and utilizing the statute of limitations as a bar, although the time limit of the statute may have already run." *J.R. Simplot Co., v. Chemetics International, Inc*., 887 P.2d 1039, 1041 (Idaho 1994). Equitable estoppel requires a showing of four elements: "(1) a false representation or concealment of a material fact with actual or constructive knowledge of the truth; (2) that the party asserting estoppel did not know or could not discover the truth; (3) that the false representation or concealment was made with the intent that it be relied upon; and (4) that the person to whom the representation was made, or from whom the facts were concealed, relied and acted upon the representation or concealment to his prejudice." *Id*.

There is nothing in this record to suggest that Defendants Agler or Thacker falsely represented or concealed a material fact with respect to Plaintiff's medical treatment. Therefore, Plaintiff is not entitled to equitable estoppel.

---

[2]     Although the limitations period can be statutorily tolled for a person's minority status or insanity, Idaho Code § 5-230, Plaintiff does not allege that either of these tolling principles applies.

**MEMORANDUM DECISION AND ORDER - 8**

For the foregoing reasons, Plaintiff's claims regarding the medical decisions Defendants made in October and November 2010—or, for that matter, at any time prior to February 18, 2012—are barred as untimely.

> iii.   Plaintiff's Claims Regarding Medical Decision Made on or after February 18, 2012, Are Timely

As set forth above, most of the medical decisions of which Plaintiff's complains occurred in July 2012 or later. (Dkt. 3.) Because such treatment occurred within the statute of limitations period (February 18, 2012 to March 20, 2014), all of those claims are timely unless the injury of which Plaintiff complains is merely the continuing effect, or the inevitable consequence, of a course of conduct undertaken outside the statute of limitations period. *See Knox v. Davis*, 260 F.3d 1009, 1014 (9th Cir. 2001) (holding that an attorney's claim, that her legal mail and right of visitation to prison inmates had been restricted, accrued when she received a letter informing her of such on January 20, 1996, and not when she continued to receive denials of those rights up until she filed suit in 1997, because the "subsequent and repeated denials of [the attorney's] privileges with her clients [wa]s merely the continuing effect of the original suspension").

Defendants argue that the course of treatment undertaken by Defendants from July 2012 onward is merely an inevitable consequence of medical decisions made outside the statute of limitations period. The Court disagrees.

A decision to follow a certain course of medical treatment—even if appropriate when initially made—can become unreasonable if the chosen course of treatment proves to be ineffective. For example, a medical provider's action in deciding to treat an injury

**MEMORANDUM DECISION AND ORDER - 9**

with medication instead of surgery might be reasonable at first; however, if that medication proves ineffective over a period of time, the medical provider's decision *to continue* with the ineffective treatment is just that—a decision not to alter a treatment that may be unreasonable. *See Hathaway v. Coughlin*, 37 F.3d 63, 68 (2d Cir. 1994) ("A jury could infer deliberate indifference from the fact that [the medical provider] knew the extent of [the inmate's] pain, *knew that the course of treatment was largely ineffective, and declined to do anything more* to attempt to improve [the inmate's] situation.") (emphasis added).

A medical provider cannot escape liability by claiming that a decision on treatment made long ago cuts off a prisoner's claim that, years later, the provider's decision to continue that course of treatment is an inevitable consequence of the initial decision. This case is not like *Knox*, where the plaintiff's claim accrued when she was informed of a policy restricting her future visitation rights, rather than several months later when she again submitted a request for visitation. *See* 260 F.3d at 1014. Each time a prison medical provider makes a discrete decision on how to treat an inmate going forward—whether to continue the current course of treatment or to try something different—that medical provider engages in a discrete action, triggering a new statute of limitations period. A conscious and discrete decision not to act is, after all, still a conscious and discrete decision.

For the foregoing reasons, Plaintiff's claims regarding Defendants' medical decisions made on or after February 18, 2012, are timely.

**MEMORANDUM DECISION AND ORDER - 10**

**B.**     *The Complaint States a Plausible Claim for Relief*

Defendants also argue that the Complaint should be dismissed for failure to state a claim upon which relief may be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, *id.*, it "stops short of the line between possibility and plausibility of entitlement to relief," *id.* at 557 (internal quotation marks and alteration omitted).

Rule 12 motions are designed simply to test the pleadings, generally without reference to exhibits or evidence beyond the pleadings. Dismissal can work slightly differently, however, when the plaintiff is a prisoner, because the Prison Litigation Reform Act (PLRA)[3] requires the Court to screen all pro se prisoner complaints to determine whether they have stated a claim upon which relief can be granted before such complaints are served on the defendants. *See* 28 U.S.C. § 1915A.

The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th

---

[3]     Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

**MEMORANDUM DECISION AND ORDER - 11**

Cir. 1989).[4] Where claims appear plausible and supported by at least some particular factual allegations, the Court weighs the potential utility of requiring the prisoner to submit an amended complaint against the reality that it may be impossible for the prisoner to submit a pleading that is more detailed than the first, given that prisoners have few legal resources and that much of the evidence they need to support their claims is in the hands of jail officials. After weighing these issues, the Court at times permits claims teetering on the edge of Rule 8 or Rule 12(b)(6) standards to proceed to summary judgment—a stage of litigation where all the evidence is before the Court, and a review of the merits of the potential claims can be accomplished.

Not every questionable claim must wait to be fleshed out until summary judgment, however. The Court retains authority to dismiss claims at any time during the litigation under § 1915A. The Court also has the authority to seek additional information from the parties to assess Plaintiff's claims during the screening process. The Court may exercise its discretion to require an amended complaint, a *Watson* questionnaire,[5] a *Spears* hearing,[6] or a *Martinez* report.[7]

---

[4]      The 12(b)(6) authority to dismiss claims as explained in *Jackson* was expanded by the PLRA, giving courts power to dismiss such claims *sua sponte* and prior to service of process, as explained in *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

[5]      In *Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976), the court determined that "[t]he employment of a form questionnaire is a useful means by which the court can develop the factual basis for the prisoner's complaint."

[6]      In *Spears v. McCotter*, 766 F.2d 179, 180-82 (5th Cir. 1985), the court authorized an evidentiary hearing in the nature of a Federal Rule of Civil Procedure 12(e) motion for a more definite statement. The hearings were held to supplement questionnaires sent to prisoners to elaborate on vague pleadings. The questions and answers had been considered the equivalent of a response to a 12(e) motion.

**MEMORANDUM DECISION AND ORDER - 12**

The Court's authority to screen pro se prisoner complaints and review prison records often makes the filing of a Rule 12(b)(6) motion to dismiss—which is designed to test a pleading *without* additional evidentiary support—unnecessary. *See* Fed. R. Civ. P. 12. Where judicial efficiency is served by the Court requiring the plaintiff to provide such items at the outset of the case, the Court can exercise that option.

Where defendants bring a pre-discovery motion to dismiss, the Court generally will not dismiss prisoner claims that have survived initial review, unless the defendants convincingly argue that, under a liberal construction of the pleadings, there is a lack of any cognizable legal theory or a failure to plead sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).[8] To survive summary dismissal, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts are required to uses a liberal construction standard in screening pro se prisoner cases.

This Court previously screened Plaintiff's Complaint and determined that it states a plausible claim for relief. Defendants Agler and Thacker have not convinced the Court that its initial screening analysis was erroneous. Therefore, for the reasons stated in the

---

[7]      In *Martinez v. Aaron*, 570 F.2d 317, 319 (10th Cir. 1978), the trial court ordered (before an answer) that the prison officials conduct an investigation of the incident to include an interrogation of those concerned, and file a report with the court, to enable the court to decide the jurisdictional issues and make a determination under section 1915(a). The Ninth Circuit approved of the use of *Martinez* reports in *In re Arizona*, 528 F.3d 652, 659 (9th Cir. 2008).

[8]      *Balistreri* was abrogated on other grounds by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562-63 (2007), to the extent that *Balistreri* followed the rule that, "[a] complaint should not be dismissed under Rule 12(b) (6) 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" 901 F.2d at 699 (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

**MEMORANDUM DECISION AND ORDER - 13**

Initial Review Order (Dkt. 6), the Court rejects Defendant's argument that the Complaint fails to state a claim upon which relief may be granted.

## ORDER

**IT IS ORDERED:**

1.  Plaintiff's Motion to Amend Defendants Based on Continuing Violation (Dkt. 20) is DENIED.

2.  Plaintiff's Motion to Proceed (Dkt. 25), construed as Plaintiff's response to Defendants' Motion to Dismiss, is NOTED.

3.  Defendants' Motion to Dismiss (Dkt. 21) is GRANTED IN PART and DENIED IN PART. All of Plaintiff's claims based on Defendants' medical treatment decisions made prior to February 18, 2012, are DISMISSED with prejudice.

4.  Plaintiff's Motion to Enter into Discussion and Negotiation with Defendants' Counsel (Dkt. 34) is DENIED as premature. The parties will later be given an opportunity to file a stipulation if they agree to attend a settlement conference.

5.  Defendants shall file an answer **within 21 days** after entry of this Order.

DATED:  **July 17, 2015**

Honorable Ronald E. Bush
U. S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 14**